# UNITED STATES BANKRUPTCY COURT
## District of New Jersey

IN RE: **Bobby Knight, Jr.**

Debtor(s)

Case No.: **16-32337**
Judge: **KCF**
Chapter: **13**

## CHAPTER 13 PLAN AND MOTIONS

☐ Original
☐ Motions Included

☑ Modified/Notice Required
☐ Modified/No Notice Required

☑ Discharge Sought
☐ No Discharge Sought

Date: **4-27-2017**

THE DEBTOR HAS FILED FOR RELIEF UNDER
CHAPTER 13 OF THE BANKRUPTCY CODE.

**YOUR RIGHTS WILL BE AFFECTED.**

You should have received from the court a separate *Notice of the Hearing on Confirmation of Plan*, which contains the date of the confirmation hearing on the Plan proposed by the Debtor. This document is the actual Plan proposed by the Debtor to adjust debts. You should read these papers carefully and discuss them with your attorney. Anyone who wishes to oppose any provision of this Plan or any motion included in it must file a written objection within the time frame stated in the Notice. **This Plan may be confirmed and become binding, and included motions may be granted without further notice or hearing, unless written objection is filed before the deadline stated in the Notice.**

**YOU SHOULD FILE A PROOF OF CLAIM BY THE DEADLINE STATED
IN THE NOTICE TO RECEIVE DISTRIBUTIONS UNDER ANY PLAN
THAT MAY BE CONFIRMED, EVEN IF THE PLAN REFERS TO YOUR CLAIM**

### Part 1: Payment and Length of Plan

a. The Debtor has paid $1,000.00 into the Plan and the Debtor shall pay **$200.00 Monthly** to the Chapter 13 Trustee, starting on May 1, 2017 for approximately 54 months.

b. The Debtor shall make plan payments to the Trustee from the following sources:
☑ Future Earnings
☐ Other sources of funding (describe source, amount and date when funds are available):

    c. Use of real property to satisfy plan obligations:

       ☐   Sale of real property
           Description:
           Proposed date for completion:

       ☐   Refinance of real property
           Description:
           Proposed date for completion:

       ☑   Loan modification with respect to mortgage encumbering property M&T BANK
           Description: 17 Gunnder Lane, Willingboro, NJ 08046
           Proposed date for completion: loss mitigation will be completed by the date set forth in the loss mitigation order

    d.  ☑  The regular monthly mortgage payment will continue pending the sale, refinance or loan modification. Debtor is to make post adequate protection payments to creditor pursuant to the loss mitigation order.

    e.  ☑  Other information that may be important relating to the payment and length of plan: The Trustee is to reserve making payment on secured claim pending the loss mitigation.

## Part 2: Adequate Protection

a. Adequate protection payments will be made in the amount of $____ to be paid to the Chapter 13 Trustee and disbursed pre-confirmation to ____ (creditor).

b. Adequate protection payments will be made in the amount of $____ to be paid directly by the debtor(s) outside of the Plan, pre-confirmation to ____ (creditor).

## Part 3: Priority Claims (Including Administrative Expenses)

All allowed priority claims will be paid in full unless the creditor agrees otherwise:

| Creditor | Type of Priority | Amount to be Paid |
|---|---|---|
| ROBERT C. NISENSON | ATTORNEYS FEES | 2,500 |

## Part 4: Secured Claims

### a. Curing Default and Maintaining Payments

The Debtor shall pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the Debtor shall pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|
| HARLEY DAVIDSON CREDIT CORP. | MOTORCYCLE | 257.86 | | 257.86 | 257.86 |

### b. Modification

1.) The Debtor values collateral as indicated below. If the claim may be modified under Section 1322(b)(2), the secured creditor shall be paid the amount listed as the "Value of the Creditor Interest in Collateral," plus interest as stated. The portion of any allowed claim that exceeds that value shall be treated as an unsecured claim. If a secured claim is identified as having "NO VALUE" it shall be treated as an unsecured claim.

**NOTE: A modification under this section ALSO REQUIRES the appropriate motion to be filed under Section 7 of the Plan.**

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor Interest in Collateral | Annual Interest Rate | Total Amount to Be Paid |
|---|---|---|---|---|---|---|---|
| -NONE- | | | | | | | |

2.) Where the Debtor retains collateral and completes the Plan, payment of the full amount of the allowed secured claim shall discharge the corresponding lien.

### c. Surrender

Upon confirmation, the stay is terminated as to surrendered collateral. The Debtor surrenders the following collateral:

| Creditor | Collateral to be Surrendered | Value of Surrendered Collateral | Remaining Unsecured Debt |
|---|---|---|---|
| -NONE- | | | |

### d. Secured Claims Unaffected by the Plan

The following secured claims are unaffected by the Plan:

Creditor

LATASHA PHILLIPS (DSO)

### e. Secured Claims to be paid in full through the Plan

| Creditor | Collateral | Total Amount to be Paid through the Plan |
|---|---|---|
| -NONE- | | |

## Part 5: Unsecured Claims

a. **Not separately classified**  Allowed non-priority unsecured claims shall be paid:

____    Not less than $____ to be distributed *pro rata*

____    Not less than ___ percent

__X__    *Pro Rata* distribution from any remaining funds

b. **Separately Classified Unsecured** Claims shall be treated as follows:

| Creditor | Basis for Separate Classification | Treatment | Amount to be Paid |
|---|---|---|---|
| -NONE- | | | |

## Part 6: Executory Contracts and Unexpired Leases

All executory contracts and unexpired leases are rejected, except the following, which are assumed:

| Creditor | Nature of Contract or Lease | Treatment by Debtor |
|---|---|---|
| **-NONE-** | | |

## Part 7: Motions

**NOTE: All plans containing motions must be served on all potentially affected creditors, together with local form, Notice of Chapter 13 Plan Transmittal, within the time and in the manner set forth in D.N.J. LBR 3015-1. A Certification of Service must be filed with the Clerk of Court when the plan and transmittal notice are served.**

a. **Motion to Avoid Liens under 11 U.S.C. Section 522(f).**
The Debtor moves to avoid the following liens that impair exemptions:

| Creditor | Nature of Collateral | Type of Lien | Amount of Lien | Value of Collateral | Amount of Claimed Exemption | Sum of All Other Liens Against the Property | Amount of Lien to be Avoided |
|---|---|---|---|---|---|---|---|
| **-NONE-** | | | | | | | |

b. **Motion to Avoid Liens and Reclassify Claim from Secured to Completely Unsecured.**

The Debtor moves to reclassify the following claims as unsecured and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Amount of Lien to be Reclassified |
|---|---|---|
| **-NONE-** | | |

c. **Motion to Partially Void Liens and Reclassify Underlying Claims as Partially Secured and Partially Unsecured.**

The Debtor moves to reclassify the following claims as partially secured and partially unsecured, and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Amount to be Deemed Secured | Amount to be Reclassified as Unsecured |
|---|---|---|---|
| **-NONE-** | | | |

## Part 8: Other Plan Provisions

a. **Vesting of Property of the Estate**
☑ Upon Confirmation
☐ Upon Discharge

b. **Payment Notices**
Creditors and Lessors provided for in Parts 4, 6 or 7 may continue to mail customary notices or coupons to the Debtor notwithstanding the automatic stay.

### c. Order of Distribution

The Trustee shall pay allowed claims in the following order:
1) Trustee Commissions
2) **Other Administrative Claims**
3) **Secured Claims**
4) **Lease Arrearages**
5) **Priority Claims**
6) **General Unsecured Claims**

### d. Post-petition claims

The Trustee ☑ is, ☐ is not authorized to pay post-petition claims filed pursuant to 11 U.S.C. Section 1305(a) in the amount filed by the post-petition claimant.

## Part 9 : Modification

If this plan modifies a plan previously filed in this case, complete the information below.
Date of Plan being modified:____.

| Explain below **why** the Plan is being modified. | Explain below **how** the Plan is being modified |
|---|---|
| **TREATMENT OF HARLEY-DAVIDSON CREDIT CORP. AND DSO** | **HARLEY DAVIDSON CREDIT CORP. TO PAY ARREARS THROUGH THE PLAN, LATASHA PHILLIPS, DSO UNAFFECTED** |
| Are Schedules I and J being filed simultaneously with this modified Plan? | ☐ Yes    ☑ No |

## Part 10: Sign Here

The debtor(s) and the attorney for the debtor (if any) must sign this Plan.

Date **April 27, 2017**    /s/ **Robert C. Nisenson**
**Robert C. Nisenson 6680**
Attorney for the Debtor

I certify under penalty of perjury that the foregoing is true and correct.

Date: **April 27, 2017**    /s/ **Bobby Knight, Jr.**
**Bobby Knight, Jr.**
Debtor

Date: _____    _____
Joint Debtor

Software Copyright (c) 1996-2016 Best Case, LLC - www.bestcase.com    Best Case Bankruptcy

Last revised 8/1/15

# UNITED STATES BANKRUPTCY COURT
## District of New Jersey

IN RE: **Bobby Knight, Jr.**

Debtor(s)

Case No.: 16-32337
Judge: KCF
Chapter: 13

## CHAPTER 13 PLAN AND MOTIONS

☑ Original
☐ Motions Included

☐ Modified/Notice Required
☐ Modified/No Notice Required

☑ Discharge Sought
☐ No Discharge Sought

Date: 12-1-2016

THE DEBTOR HAS FILED FOR RELIEF UNDER
CHAPTER 13 OF THE BANKRUPTCY CODE.

**YOUR RIGHTS WILL BE AFFECTED.**

You should have received from the court a separate *Notice of the Hearing on Confirmation of Plan*, which contains the date of the confirmation hearing on the Plan proposed by the Debtor. This document is the actual Plan proposed by the Debtor to adjust debts. You should read these papers carefully and discuss them with your attorney. Anyone who wishes to oppose any provision of this Plan or any motion included in it must file a written objection within the time frame stated in the Notice. **This Plan may be confirmed and become binding, and included motions may be granted without further notice or hearing, unless written objection is filed before the deadline stated in the Notice.**

**YOU SHOULD FILE A PROOF OF CLAIM BY THE DEADLINE STATED
IN THE NOTICE TO RECEIVE DISTRIBUTIONS UNDER ANY PLAN
THAT MAY BE CONFIRMED, EVEN IF THE PLAN REFERS TO YOUR CLAIM**

### Part 1:  Payment and Length of Plan

   a. The Debtor shall pay  **$200.00 Monthly**  to the Chapter 13 Trustee, starting on December 1, 2016 for approximately 60 months.

   b. The Debtor shall make plan payments to the Trustee from the following sources:
   ☑ Future Earnings
   ☐ Other sources of funding (describe source, amount and date when funds are available):

1

    c. Use of real property to satisfy plan obligations:

☐ Sale of real property
Description:
Proposed date for completion: _____

☐ Refinance of real property
Description:
Proposed date for completion: _____

☑ Loan modification with respect to mortgage encumbering property M&T BANK
Description: 17 Gunnder Lane, Willingboro, NJ 08046
Proposed date for completion: loss mitigation will be completed by the date set forth in the loss mitigation order

d. ☑ The regular monthly mortgage payment will continue pending the sale, refinance or loan modification. Debtor is to make post adequate protection payments to creditor pursuant to the loss mitigation order.

e. ☑ Other information that may be important relating to the payment and length of plan: The Trustee is to reserve making payment on secured claim pending the loss mitigation.

## Part 2: Adequate Protection

    a. Adequate protection payments will be made in the amount of $____ to be paid to the Chapter 13 Trustee and disbursed pre-confirmation to ____ (creditor).

    b. Adequate protection payments will be made in the amount of $____ to be paid directly by the debtor(s) outside of the Plan, pre-confirmation to ____ (creditor).

## Part 3: Priority Claims (Including Administrative Expenses)

All allowed priority claims will be paid in full unless the creditor agrees otherwise:

| Creditor | Type of Priority | Amount to be Paid |
|---|---|---|
| **ROBERT C. NISENSON** | **ATTORNEYS FEES** | 2,500 |

## Part 4: Secured Claims

### a. Curing Default and Maintaining Payments

The Debtor shall pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the Debtor shall pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|
| **-NONE-** | | | | | |

### b. Modification

1.) The Debtor values collateral as indicated below. If the claim may be modified under Section 1322(b)(2), the secured creditor shall be paid the amount listed as the "Value of the Creditor Interest in Collateral," plus interest as stated. The portion of any allowed claim that exceeds that value shall be treated as an unsecured claim. If a secured claim is identified as having "NO VALUE" it shall be treated as an unsecured claim.

**NOTE: A modification under this section ALSO REQUIRES
the appropriate motion to be filed under Section 7 of the Plan.**

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor Interest in Collateral | Annual Interest Rate | Total Amount to Be Paid |
|---|---|---|---|---|---|---|---|
| -NONE- | | | | | | | |

2.) Where the Debtor retains collateral and completes the Plan, payment of the full amount of the allowed secured claim shall discharge the corresponding lien.

### c. Surrender

Upon confirmation, the stay is terminated as to surrendered collateral. The Debtor surrenders the following collateral:

| Creditor | Collateral to be Surrendered | Value of Surrendered Collateral | Remaining Unsecured Debt |
|---|---|---|---|
| -NONE- | | | |

### d. Secured Claims Unaffected by the Plan

The following secured claims are unaffected by the Plan:

Creditor

**HARLEY DAVIDSON FINANCIAL**

### e. Secured Claims to be paid in full through the Plan

| Creditor | Collateral | Total Amount to be Paid through the Plan |
|---|---|---|
| -NONE- | | |

## Part 5: Unsecured Claims

a. **Not separately classified** Allowed non-priority unsecured claims shall be paid:

    ____    Not less than $____ to be distributed *pro rata*

    ____    Not less than ___ percent

    __X__    *Pro Rata* distribution from any remaining funds

b. **Separately Classified Unsecured** Claims shall be treated as follows:

| Creditor | Basis for Separate Classification | Treatment | Amount to be Paid |
|---|---|---|---|
| -NONE- | | | |

## Part 6: Executory Contracts and Unexpired Leases

All executory contracts and unexpired leases are rejected, except the following, which are assumed:

| Creditor | Nature of Contract or Lease | Treatment by Debtor |
|---|---|---|
| -NONE- | | |

## Part 7: Motions

**NOTE: All plans containing motions must be served on all potentially affected creditors, together with local form, Notice of Chapter 13 Plan Transmittal, within the time and in the manner set forth in D.N.J. LBR 3015-1. A Certification of Service must be filed with the Clerk of Court when the plan and transmittal notice are served.**

a. **Motion to Avoid Liens under 11 U.S.C. Section 522(f).**
The Debtor moves to avoid the following liens that impair exemptions:

| Creditor | Nature of Collateral | Type of Lien | Amount of Lien | Value of Collateral | Amount of Claimed Exemption | Sum of All Other Liens Against the Property | Amount of Lien to be Avoided |
|---|---|---|---|---|---|---|---|
| -NONE- | | | | | | | |

b. **Motion to Avoid Liens and Reclassify Claim from Secured to Completely Unsecured.**

The Debtor moves to reclassify the following claims as unsecured and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Amount of Lien to be Reclassified |
|---|---|---|
| -NONE- | | |

c. **Motion to Partially Void Liens and Reclassify Underlying Claims as Partially Secured and Partially Unsecured.**

The Debtor moves to reclassify the following claims as partially secured and partially unsecured, and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Amount to be Deemed Secured | Amount to be Reclassified as Unsecured |
|---|---|---|---|
| -NONE- | | | |

## Part 8: Other Plan Provisions

a. **Vesting of Property of the Estate**
   ☑ Upon Confirmation
   ☐ Upon Discharge

b. **Payment Notices**
Creditors and Lessors provided for in Parts 4, 6 or 7 may continue to mail customary notices or coupons to the Debtor notwithstanding the automatic stay.

### c. Order of Distribution

The Trustee shall pay allowed claims in the following order:
1) Trustee Commissions
2) **Other Administrative Claims**
3) **Secured Claims**
4) **Lease Arrearages**
5) **Priority Claims**
6) **General Unsecured Claims**

### d. Post-petition claims

The Trustee ☑ is, ☐ is not authorized to pay post-petition claims filed pursuant to 11 U.S.C. Section 1305(a) in the amount filed by the post-petition claimant.

## Part 9 : Modification

If this plan modifies a plan previously filed in this case, complete the information below.
Date of Plan being modified:____.

| Explain below **why** the Plan is being modified. | Explain below **how** the Plan is being modified |
|---|---|
| Are Schedules I and J being filed simultaneously with this modified Plan? | ☐ Yes      ☐ No |

## Part 10: Sign Here

The debtor(s) and the attorney for the debtor (if any) must sign this Plan.

Date    **December 1, 2016**        /s/ Robert C. Nisenson
                                    **Robert C. Nisenson 6680**
                                    Attorney for the Debtor

I certify under penalty of perjury that the foregoing is true and correct.

Date:   **December 1, 2016**        /s/ Bobby Knight, Jr.
                                    **Bobby Knight, Jr.**
                                    Debtor

Date:   _____                 _____
                                    Joint Debtor

5

```
                        United States Bankruptcy Court
                              District of New Jersey
In re:                                                          Case No. 16-32337-KCF
Bobby Knight, Jr.                                               Chapter 13
       Debtor
                              CERTIFICATE OF NOTICE
District/off: 0312-3         User: admin              Page 1 of 2        Date Rcvd: May 04, 2017
                             Form ID: pdf901          Total Noticed: 24

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
May 06, 2017.
db             +Bobby Knight, Jr.,    17 Gunner LN,    Willingboro, NJ 08046-3325
aty            +Schiller, Knapp, Lefkowitz & Hertzel,    30 Montgomery Street,    Suite 1205,
                 Jersey City, NJ 07302-3835
516513401      +AMCOL Systems, Inc.,    Amcol Systems, Inc.,    Po Box 21625,    Columbia, SC 29221-1625
516802248      +Domestic Support Obligation,    Latasha Philliips,    376 South 20th Street,
                 Newark, New Jersey 07103-1350
516562714      +Harley-Davidson Credit Corp.,    PO Box 9013,    Addison, Texas 75001-9013
516513406      +M & T Bank,    C/O Schiller,Knapp,Lefkowitz & Hertzel,,    30 Montgomery St. Ste 1205,
                 Jersey City, NJ 07302-3835
516513407      +Moorestown Dermatology Associates,    110 Marter Avenue Ste 102,    Moorestown, NJ 08057-3124
516513409      +The Children's Hospital of Philadelphia,    PO BOx 788017,    Philadelphia, PA 19178-8017
516788440      +The Cooper Health System   $801.00,    C/O Qar,   PO Box 239,    Gibbsboro, NJ 08026-0239
516626101       Wells Fargo Bank N.A.,,    d/b/a Wells Fargo Dealer Services,    PO Box 19657,
                 Irvine, CA 92623-9657
516513410      +Wells Fargo Dealer Services,    Po Box 3569,   Rancho Cucamonga, CA 91729-3569

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
smg             E-mail/Text: usanj.njbankr@usdoj.gov May 04 2017 22:47:28      U.S. Attorney,    970 Broad St.,
                 Room 502,    Rodino Federal Bldg.,    Newark, NJ  07102-2534
smg            +E-mail/Text: ustpregion03.ne.ecf@usdoj.gov May 04 2017 22:47:22      United States Trustee,
                 Office of the United States Trustee,    1085 Raymond Blvd.,   One Newark Center,   Suite 2100,
                 Newark, NJ 07102-5235
lm              E-mail/Text: camanagement@mtb.com May 04 2017 22:47:10      M&T Bank,    PO Box 1288,
                 Buffalo, NY  14240-1288
516513400      +E-mail/Text: bkrpt@retrievalmasters.com May 04 2017 22:47:21
                 AMCA/Amer Medical Collection Agency,    4 Westchester Plaza,    Suite 110,
                 Elmsford, NY 10523-1615
516529807       E-mail/PDF: EBN_AIS@AMERICANINFOSOURCE.COM May 04 2017 22:45:39
                 American InfoSource LP as agent for,    T Mobile/T-Mobile USA Inc,    PO Box 248848,
                 Oklahoma City, OK  73124-8848
516513402      +E-mail/Text: banko@berkscredit.com May 04 2017 22:47:00      Berks Credit & Collections,
                 Po Box 329,    Temple, PA 19560-0329
516513403      +E-mail/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com May 04 2017 22:45:30
                 Capital One Bank NA,    C/O Portfolio Recovery Associates, LLC,    PO Box 12914,
                 Norfolk, VA 23541-0914
516513404      +E-mail/Text: bknotice@erccollections.com May 04 2017 22:47:34      ERC/Enhanced Recovery Corp,
                 8014 Bayberry Rd,    Jacksonville, FL 32256-7412
516513405      +E-mail/Text: bankruptcy.notices@hdfsi.com May 04 2017 22:48:14      Harley Davidson Financial,
                 Attention: Bankruptcy,    Po Box 22048,    Carson City, NV 89721-2048
516545982       E-mail/Text: camanagement@mtb.com May 04 2017 22:47:10      M&T Bank,
                 c/o Schiller Knapp Lefkowitz & Hertzel L,    Post Office Box 840,    Buffalo, New York 14240
516718758       E-mail/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com May 04 2017 22:45:30
                 Portfolio Recovery Associates, LLC,    c/o The Home Depot,    POB 41067,   Norfolk VA 23541
516668552      +E-mail/PDF: gecsedi@recoverycorp.com May 04 2017 22:39:56      Synchrony Bank,
                 c/o of PRA Receivables Management, LLC,    PO Box 41021,   Norfolk, VA 23541-1021
516513408      +E-mail/Text: Supportservices@receivablesperformance.com May 04 2017 22:48:22      T-Mobile,
                 C/O Receivables Performance Mgmt,    Attn: Bankruptcy,    Po Box 1548,   Lynnwood, WA 98046-1548
                                                                                              TOTAL: 13

              ***** BYPASSED RECIPIENTS *****
NONE.                                                                                          TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.
```

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: May 06, 2017                                    Signature:  /s/Joseph Speetjens

```
District/off: 0312-3          User: admin              Page 2 of 2              Date Rcvd: May 04, 2017
                              Form ID: pdf901          Total Noticed: 24
```

## CM/ECF NOTICE OF ELECTRONIC FILING

```
The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on May 1, 2017 at the address(es) listed below:
              Albert    Russo     docs@russotrustee.com
              Denise E. Carlon     on behalf of Creditor    Harley-Davidson Credit Corp dcarlon@kmllawgroup.com,
               bkgroup@kmllawgroup.com
              Michael E. Blaine     on behalf of Creditor    M&T BANK mblaine@schillerknapp.com,
               tshariff@ecf.courtdrive.com;tshariff@schillerknapp.com
              Robert C. Nisenson     on behalf of Debtor Bobby  Knight, Jr. rnisenson@aol.com,
               nisensonlaw@aol.com;G2729@notify.cincompass.com;nisensonlaw@gmail.com
                                                                                             TOTAL: 4
```